IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 2:05MJ114-C |
| | ) | |
| ROBERT BARBER | ) | |

### ORDER

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on October 3, 2005. For the following facts and reasons, the court concludes that the defendant should be detained pending trial in this case.

The court finds there is probable cause to believe that the defendant has committed an offense for which the maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 841(a)(1). The defendant has not rebutted the presumption established by this finding that no condition or combination of conditions will reasonably assure the safety of the community or the appearance of the defendant. As explained below the court finds in addition to the presumption that is a serious risk that the defendant will endanger the safety of another person or the community.

I find that the credible testimony and information including the Pretrial Services Report submitted at the hearing establishes by clear and convincing evidence that the defendant received a package containing approximately one pound of crystal methamphetamine as determined by field testing and observation of the substance in the package. After a controlled delivery of the package, officers executed a search warrant at the defendant's residence where they found the package on the defendant's bed as well as

a loaded 9mm pistol. Under the bed was a safe containing a .22 cal pistol, $6000 in case and small plastic "baggies." Also under the bed was a digital scale. Additional guns as well as knives were found in other locations in the residence. All of the guns were loaded. The defendant's brother lives with the defendant. When officers entered the house they also found two small children, approximate ages 2 and 4.

Based on the foregoing, the court concludes that there are no conditions or combination of conditions which will reasonably protect the community and that the defendant should be detained. In reaching this conclusion, the court has carefully considered as required by 18 U.S.C. § 3142(g) the nature and circumstances of the offense charged, the weight of the evidence against the defendant, the history and characteristics of the defendant as set forth in the Pretrial Services Report, the unrebutted presumption of dangerousness as well as the evidence adduced at the hearing and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.[1] The amount of methamphetamine received by the defendant, the amount of cash in the safe[2] and the drug sale paraphernalia indicated that the defendant was engaged in the sale of methamphetamine. After his arrest, the defendant agreed to try to assist the officers and made phone calls in an attempt to contact a person or persons to

---

[1] As brought out at the hearing, the defendant is immature and relatively inexperienced with the sale of drugs. Given the amount of drugs and weapons present at the time of the search, the defendant's immaturity is not virtue and certainly heightens the court's concern about his dangerousness.

[2] While the defendant told officers that the money in the safe came from his business, the defendant's financial information is contrary. The defendant indicated that he earns approximately $2000 per month with expenses exceeding $1700 per month.

whom he would sell the methamphetamine. While this self-serving offer of assistance may militate against detention, the defendant made the offer at the very time he was arrested, and the court is not persuaded that his desire to assist the government necessarily will remain as strong should he be released. The presence of numerous weapons in the house in association with the drugs and the presence of the young children convince the court that the defendant constitutes a danger to other persons and the community.

Therefore, it is

ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Done this 3rd day of October, 2005.

/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE